# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *  *
NICOLETTE MCGUIRE,                      *      No. 10-609V
                                        *      Special Master Christian J. Moran
                Petitioner,             *
                                        *
v.                                      *
                                        *      Filed: November 18, 2016
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *      Attorneys' fees and costs; expert
                Respondent.             *      hours; pharmacist rate.
* * * * * * * * * * * * * * * * * * *  *
```

<u>Ronald Homer, Sylvia Chin-Caplan, and Meredith Daniels</u>, Conway, Homer &
Chin-Caplan, P.C., for petitioner;
<u>Debra A. Filteau Begley</u>, United States Dep't of Justice, Washington, DC, for
respondent.

## PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Petitioner Nicolette McGuire filed her application for attorneys' fees and
costs on March 7, 2016.  The Secretary objected to the amount Ms. McGuire
requested.  She filed a weak response, arguing a reasonable amount is between
$100,000.00 and $110,000.00.  Ms. McGuire is awarded **$170,893.33**.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of
Electronic Government Services), requires that the Court post this decision on its website.
Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of
medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any
redactions ordered by the special master will appear in the document posted on the website.

## PROCEDURAL HISTORY[2]

Ms. McGuire filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 through 34, alleging that the human papillomavirus vaccine she received on September 20, 2007 and November 14, 2007, caused her to develop chronic headaches.

Ms. McGuire filed medical records and an affidavit in support of her claim. The Secretary filed her report pursuant to Vaccine Rule 4 on June 13, 2011, which questioned the temporal relationship between the vaccine and the headaches. Due to uncertainty as to the onset and frequency of the alleged headaches, a fact hearing was held on November 4, 2011.

After the hearing, the parties jointly moved for findings of fact. The undersigned issued Revised Findings of Fact on October 12, 2012. The parties then submitted expert reports. Ms. McGuire submitted expert reports from neurologist Spencer G. Weig. To explain how the HPV vaccinations could have caused Ms. McGuire's headaches, Dr. Weig presented a theory based in immunology and a critical part of his theory was based upon an article co-written by Todd Rozen and Sahar Swidan. The Secretary presented reports from two experts, a neurologist and an immunologist, who disputed the usefulness of the Rozen and Swidan article. In response, Ms. McGuire retained Sahar Swidan, who is a pharmacist.[3] Dr. Swidan's ensuing report discussed the Rozen and Swidan article and also presented relatively dense immunology. Exhibit 38.

The Secretary filed a motion to exclude Dr. Swidan from opining on the case asserting that she was not qualified to provide theories in immunology and that her opinions were not reliable. Resp't's Mot. in Limine, filed Dec. 9, 2014. The undersigned denied this motion to allow the parties to explore Dr. Swidan's qualifications at the upcoming expert hearing.

The parties submitted prehearing briefs and a two-day hearing was held on March 19-20, 2015. An entitlement decision found that Ms. McGuire was not

---

[2] A more detailed recitation of the litigation can be found in the Entitlement Decision, 2015 WL 6150598 (Sept. 18, 2015).

[3] Ms. McGuire refers to Sahar Swidan as "Dr. Swidan." The undersigned accepts Ms. McGuire's use of the honorific title, although the nature of Dr. Swidan's education is a point of contention between the parties.

entitled to compensation.  2015 WL 6150598.  The Entitlement Decision stated that during the hearing, the Secretary challenged Dr. Swidan's qualifications to opine about causes of headaches and about immunology.  Ms. McGuire persuasively argued that Dr. Swidan's testimony should be admitted but that any concerns about qualifications should go to the weight of the testimony.  Id. at *7.  Ultimately, Dr. Swidan's testimony on immunology "was not very helpful.  Dr. Swidan delivered much less than was promised."  Id.  Dr. Swidan also did not present much useful information about the Rozen and Swidan article because "Dr. Swidan's role in conducting the experiments and preparing the results for publication was limited."  Id. at *16.  The Entitlement Decision stated:  "In the future, an attorney representing a petitioner should consider the strengths and weaknesses in Dr. Swidan's background before retaining her to testify in the Vaccine Program."  Id. at *8.

Ms. McGuire filed her motion for attorneys' fees and costs on March 7, 2016.  Individual components were:

| Attorneys' Fees | $145,388.50 |
| Attorneys' Costs | $64,629.11 |
| Petitioner's Costs | $250.00 |
| TOTAL | $210,267.61 |

The Secretary filed a response.  Although the Federal Circuit has endorsed the lodestar method as a way of determining a reasonable amount of attorneys' fees, Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1347-48 (Fed Cir. 2008), the Secretary's response addressed neither the proposed hourly rate nor the number of hours requested.  However, in a footnote, the Secretary did identify that 65% of Ms. McGuire's costs were attributable to Dr. Swidan who billed $41,750.00.  Dr. Swidan's costs far exceeded those of Dr. Weig who billed $15,300.00 for his participation.  Resp't's Resp., filed March 10, 2016, at 1 n.1.  The Secretary ultimately proposed a range of $100,000-$110,000 without citing any cases.  Resp't's Resp., at 3.  The Secretary's approach is now unfortunately routine.  See Dorego v. Sec'y of Health & Human Servs., No. 14-337V, 2016 WL 1635826 (Fed. Cl. Spec. Mstr. April 4, 2016).

Ms. McGuire filed a reply, which mostly repeated arguments that her attorney has made in other cases. She also added a request for $3,837.00 in supplemental attorneys' fees. Pet'r's Supp'l Mot. for Attorneys' Fees, filed March 21, 2016. The undersigned requested additional evidence in support of Dr. Swidan's rate. Ms. McGuire submitted the additional evidence on May 24, 2016. In response, the Secretary stated that Dr. Swidan did not have a medical degree or a Ph.D. in pharmacology. Resp't's Resp., filed June 7, 2016, citing Tr. 434-60.

The matter is now ripe for adjudication.

## DISCUSSION

### I.   Eligibility to Fees and Costs under the Vaccine Act

Under the Vaccine Act, a special master or a judge of the United States Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa–15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Thus, because Ms. McGuire acted in good faith and because there was a reasonable basis for proceeding, Ms. McGuire is eligible for an award of attorneys' fees and costs. The Secretary does not contend that Ms. McGuire failed to satisfy these criteria.

### II.   Reasonableness of Requested Attorneys' Fees and Costs

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act, which involves a two-step process. Avera, 515 F.3d at 1348. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

Ms. McGuire's motion contains two parts: a request for attorneys' fees and a request for costs. These are addressed separately.

## A.     Attorneys' Fees

The Vaccine Act authorizes special masters to award only "reasonable" attorneys' fees.  42 U.S.C. § 300aa–15(e)(1).  To determine the reasonableness of a request for attorneys' fees, the court must first conduct a lodestar analysis in which a reasonable hourly rate is multiplied by a reasonable number of hours.  See Avera, 515 F.3d at 1348; Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Avera, 515 F.3d at 1348.

Here, the lodestar calculation produces a reasonable award of attorneys' fees.  A separate adjustment is not required.  Thus, the analysis below focuses on a (1) reasonable hourly rate and (2) a reasonable number of hours.

### 1.     Reasonable hourly rate.

McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 563423 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), found reasonable hourly rates for attorneys in this law firm.  Special Masters, including the undersigned, have followed McCulloch.  See Avchen v. Sec'y of Health & Human Servs., No. 14-279V, 2015 WL 9595415 (Fed. Cl. Spec. Mstr. Dec. 4, 2015).  Ms. McGuire's attorneys have billed in accord with the McCulloch rates and the Secretary did not impose any specific objection.  The undersigned finds the requested hourly rates reasonable.

### 2.     Reasonable number of hours.

The United States Supreme Court has advised that fee applicants should exercise "billing judgment."  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  This obligation includes attorneys who work in the Vaccine Program.  Saxton, 3 F.3d at 1521.

Each entry on the attorneys' timesheets, except one on October 21, 2015, is marked "billable."  The remaining 610 hours are, according to petitioner's attorneys' timesheets, billable.  See timesheets at internal page 97.  This would lead to the conclusion that all work performed was necessary and reasonable, with no duplication.

The Secretary is now largely absent from participating in the evaluation of fee applications.  Instead the Secretary proposes a range as a form of an objection.

5

However, the Court of Federal Claims held that a range approach is inconsistent with the lodestar methodology. <u>Guerrero v. Sec'y of Health & Human Servs.</u>, 120 Fed. Cl. 474, 482 (2015), <u>mot. for rev. granted in part and denied in part after remand</u>, 124 Fed. Cl. 153 (2015), <u>app. dismissed</u>, No. 2016-1753 (Fed. Cir. April 22, 2016). Therefore, the undersigned has reviewed the timesheets and in this review, I have been guided with my experience with this law firm. <u>See</u> Saxton, 3 F.3d at 1521.

The issue of multiple attorney work on one case has been discussed extensively in previous cases. <u>Pernal v. Sec'y of Health & Human Servs.</u> No. 12-667V, 2016 WL 3101820 (Fed. Cl. Spec. Mstr. May 12, 2016); <u>Whitney v. Sec'y of Health & Human Servs.</u>, No. 10-809V, 2016 WL 4491499 (Fed. Cl. Spec. Mstr. July 27, 2016). Here, the primary associate was Ms. Meredith Daniels. Her work is credited. Ms. Sylvia Chin-Caplan assisted Ms. Daniels during the hearing-related phases of the case with her work being credited.

However, other attorneys, including Mr. Ronald Homer, performed tasks that Ms. Daniels could efficiently perform. For these reasons, the attorneys' fees are reduced by five percent.

For attorneys' fees, petitioner is awarded **$141,764.22**.

## B.   Costs

Ms. McGuire also requests costs: costs for the law firm ($64,629.11) and costs for the petitioner ($250.00). While the Secretary brought the differences in amount billed by Dr. Swidan, a pharmacist, and Dr. Weig, a neurologist, to the undersigned's attention in a footnote, she did not challenge any items of costs specifically.

Most of the costs are relatively routine, such as costs for medical records retrieval, mailings, photocopies, telephone, and the hearing transcript. Another set of expenses relate to travel for the hearings. All these costs are reasonable, documented, and awarded in full.

The remainder of costs concern amounts billed by Dr. Spencer Weig and Dr. Sahar Swidan. Like attorneys' fees, reasonable expert fees are determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours.

Dr. Weig's proposed rate of $400 per hour for work performed is reasonable. The rate is consistent with rates special masters have credited for neurologists. See Brown v. Sec'y of Health & Human Servs., No. 09-426V, 2012 WL 952268, at *11 (Fed. Cl. Spec. Mstr. Feb. 29, 2012) (awarding Dr. Lawrence Steinman, a neurologist based in Stanford, California, $450-$500 per hour). The amount of time Dr. Weig spent, 38.25 hours, is also reasonable.

Dr. Swidan seeks a total of $41,750.00. This figure represents 83.5 hours at a rate of $500 per hour. Pet'r's Fee Mot., tab B at 17, 43. Ms. McGuire's request that a pharmacist be compensated at an hourly rate that exceeds the rate requested by a neurologist with more than 25 years of experience seems absurd on its face. Therefore, the undersigned ordered Ms. McGuire to submit additional evidence that supported the requested rate for Dr. Swidan. See Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984) (the fee applicant bears the burden to justify the fee award). Consequently, the undersigned reviewed the evidence Ms. McGuire submitted: a letter, a portion of a consultancy agreement, and screenshots from the Expert Institute's webpage. Pet'r's Resp. to Scheduling Order, filed May 24, 2016.

Dr. Swidan's Letter. The letter filed was written by Dr. Swidan and addressed "To Whom it May Concern." It stated that the consultancy rate she charges is $500-$1,000 per hour depending on the project. Id. at tab A. Some value is given to this letter. However, "something more" than a self-serving affidavit from a fee applicant is required to establish that a proposed rate is indeed reasonable. Raney v. Fed. Bureau of Prisons, 222 F.3d 927, 938 (Fed. Cir. 2000).

The Consultancy Agreement. Ms. McGuire submitted a portion of the consultancy agreement, which listed Dr. Swidan's monthly consultancy fees "[a]t a monthly rate being Eight Thousand." Id. at tab B. Several things about this submission are problematic. Only pages one and four of the agreement were submitted. It is unclear how many pages the entire agreement is, but it can be inferred from what was submitted that it is longer than four pages. Of the two pages submitted, page one has a section blackened out and all of page four is crossed out with the exception of one paragraph that Ms. McGuire draws to the undersigned's attention. Not having the entire agreement to review does not allow for the undersigned to make an adequate assessment regarding reasonableness and comparability of the services being provided. The agreement lists a monthly rate which, as Ms. McGuire concedes, does not indicate the number of hours provided to glean the hourly rate. Id. at 12 n.1. Furthermore, the portion of the submitted agreement fails to demonstrate that the other purported party consented to the agreement as Ms. McGuire did not supply a signature page.

7

The Expert Institute.  Lastly, Ms. McGuire submitted screenshots from the Expert Institute's website.  Id. at tab C.  Ms. McGuire asserts that because Dr. Swidan has her doctorate in pharmacy,[4] is a practicing pharmacist, and is an adjunct professor at the University of Michigan College of Pharmacy, she qualifies as a medical expert.  The Expert Institute includes an array of professions in the "medical" category.  Examples include neurology, general surgery, internal medicine, and "nursing."  Id. at 2-3.

Among the proposed categories, pharmacists seem at least partially analogous to nurses for several reasons.  First, both require advanced college training.  Second, both professions follow orders given by medical doctors.  Third, both make recommendations and provide counseling to patients for appropriate care.  Lastly, both can seek additional certifications to specialize.

Special masters have approved reasonable rates for nurses in the past.  A special master found a reasonable rate of $125 per hour for a nurse with 20 years of experience.  Calise v. Sec'y of Health & Human Servs., No. 08-865V, 2011 WL 2444810, at *8 (Fed. Cl. Spec. Mstr. June 13, 2011).  Another special master found a nurse consultancy rate of $150 was reasonable.  Barber v. Sec'y of Health & Human Servs., No. 99-434V, 2008 WL 4145653, at *15 (Fed. Cl. Spec. Mstr. Aug. 21, 2008).  A rate of $165 per hour has been found reasonable for a nurse paralegal with over 43 years of experience as a psychiatric nurse and 30 years of experience as a paralegal.  See Elliot v. Sec'y of Health & Human Servs., No. 14-661V, 2016 WL 6694970 (Fed. Cl. Spec. Mstr. Oct. 18, 2016); Stanford v. Sec'y of Health & Human Servs., No. 14-1216V, 2016 WL 3176599 (Fed. Cl. Spec. Mstr. May 16, 2006).

Outside of litigation, the Bureau of Labor Statistics provides information about the annual average salary for pharmacists in metropolitan areas of Michigan.  This information shows the hourly wage is $55.84.[5]  While the average hourly work as a pharmacist is not directly transferrable to the hourly rate for a pharmacist to appear in litigation, the typical wages should have some connection to the compensation received in litigation.

---

[4] The Secretary emphasized that Dr. Swidan is not a medical doctor, but holds a Pharm.D. degree.  Resp't's Resp., filed June 7, 2016, citing Tr. 434-60.

[5] Bureau of Labor Statistics Occupational Employment Statistics, Occupational Employment and Wages, May 2015, available at shttp://www.bls.gov/oes/current/oes291051.htm#st

8

Lastly, Dr. Swidan's performance, as set forth in the September 18, 2015 Entitlement Decision, was not good.  She could not answer questions about the topic on which she was expected to opine, an article that she co-wrote.  Her background did not allow her to respond to the opinions of the Secretary's board-certified immunologist in any meaningful way.  The undersigned's observations of Dr. Swidan indicate that she should not be compensated at the top rate for pharmacists.  For all of these reasons, a reasonable hourly rate of compensation for Dr. Swidan in this litigation is $125.00 per hour.

After a determination about a reasonable hourly rate, the next factor to consider is a reasonable number of hours.  Experts, like attorneys, should avoid block billing.  Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 781 (2013).

Here, Dr. Swidan seeks compensation for 83.5 hours.  It appears that Dr. Swidan has reviewed Ms. McGuire's case file, reviewed reports from Dr. Weig, reviewed the Secretary's expert reports, prepared for the hearing, and attended the hearing.  Pet'r's Reply, filed March 21, 2016, at 8.

However, Dr. Swidan has not described her activities adequately.  Nearly all time entries, some as long as 9 hours, describe activities simply with 4 words: "consulting services/ record review."  This brevity does not provide sufficient detail to assess the reasonableness of her work.  Dr. Swidan should have described her activities in more detail.  From 83.5 hours requested, Dr. Swidan's time is reduced to 50 hours, which makes her time much closer to the amount of time spent by Dr. Weig, 38.25 hours.

Consequently, Ms. McGuire is awarded $6,250 ($125 x 50) in compensation for Dr. Swidan's services.  This is a reduction of $35,500 from Ms. McGuire's shocking initial request.

## III.   Conclusion

Ms. McGuire is entitled to a reasonable amount of attorneys' fees and costs.  In sum, the undersigned awards Ms. McGuire the following amount for attorneys' fees and costs:

Summary

| | |
|---|---|
| Requested Attorneys' Fees: | $149,225.50 |
| Deductions: | $7,461.28 |
| **Attorneys' Fees Awarded:** | **$141,764.22** |
| | |
| Requested Attorneys' Costs: | $64,629.11 |
| Deductions: | $35,500.00 |
| **Attorneys' Costs Awarded:** | **$29,129.11** |
| | |
| Requested Petitioner's Costs: | $250.00 |
| Deductions: | $0.00 |
| **Petitioner's Costs Awarded:** | **$250.00** |
| | |
| Attorneys' Fees & Costs Awarded: | **$170,893.33** |
| Petitioner's Costs Awarded: | **$250.00** |
| Total Attorneys' Fees & Costs Awarded: | **$171,143.33** |

**Accordingly, the court awards**:

a. **$170,893.33** representing attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).  The award shall be in the form of a check made payable jointly to petitioner and petitioner's attorney, Ronald C. Homer, of Conway, Homer & Chin-Caplan, in the amount of **$170,893.33**; and

b. **$250.00**, representing Ms. McGuire's costs.  The award shall be in the form of a check made payable to Ms. McGuire for **$250.00**.

The Clerk's Office is instructed to issue judgment in accord with this decision.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master